# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL WILLIAM SEDANO,<br>Petitioner,<br>v.<br>BRAD MACOMBER,<br>Respondent. | Case No. 1:26-cv-02862-EPG-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO STAY AND STAYING PROCEEDINGS<br><br>(ECF No. 2) |

Petitioner, represented by counsel, is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has filed a petition for writ of habeas corpus and moved to stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), because the petition is completely unexhausted. (ECF Nos. 1, 2.) Under Rhines, "stay and abeyance [is] available only in limited circumstances," and only when: (1) there is "good cause" for the failure to exhaust; (2) the "unexhausted claims are potentially meritorious"; and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 277–78.

**A. Good Cause**

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust" under Rhines. Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about

whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Blake, 745 F.3d at 980 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)). The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017) (quoting Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005); and Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." Blake, 745 F.3d at 982.

Petitioner argues that "[a]ny failure for Petitioner to exhaust the state-court claims has been the direct result of the late discovery of highly relevant documents that were believed to have been destroyed by water damage when trial attorney's office suffered a flood," which "had the effect of denying appellate counsel from having any knowledge about the information that had been provided to the trial attorney by petitioner while preparing for the trial." (ECF No. 2 at 7.[1]) The Ninth Circuit has "specifically held 'that "ignorance or inadvertence" on the part of a petitioner's post-conviction counsel' is good cause for a stay and abeyance under *Rhines*." Doerr v. Shinn, 127 F.4th 1162, 1174 (9th Cir. 2025) (quoting Dixon, 847 F.3d at 720–21). Accordingly, the Court finds Court finds that Petitioner has satisfied Rhines's good cause requirement.

**B. Potentially Meritorious Unexhausted Claims**

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly clear that the petitioner has no hope of prevailing.'" Dixon, 847 F.3d at 722 (quoting Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005)).

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

Petitioner's petition is fully unexhausted and raises the following claims for relief: (1) ineffective assistance of trial counsel for failing to investigate and raise issue regarding Petitioner's alibi, failing to investigate and raise issues regarding Petitioner's alleged possession of child pornography images, failing to seek an expert in regard to child sexual abuse accommodation syndrome ("CSAAS"), failing to object to certain testimony at trial, and failing to identify an ex post facto error in the charging document; (2) the trial court's violation of Petitioner's Sixth and Fourteenth Amendment rights by allowing testimony regarding CSAAS statistics to be presented to the jury after ruling to exclude all testimony concerning statistical analysis and using the confusing CALCRIM 1193 jury instruction as relates to the purpose and use of the CSAAS testimony (subsequently amended in 2022); (3) the prosecution's violation of Petitioner's Sixth and Fourteenth Amendment rights by introducing testimony at trial that exceeded the scope of testimony authorized by the court and using witness as a stealth expert witness to surprise defense counsel and failing to disclose Brady material; and (4) cumulative error. (ECF No. 1 at 17–48.)

It is not perfectly clear Petitioner has no hope of prevailing on his unexhausted claims, and at least one of Petitioner's unexhausted claims appears on its face to not be "plainly meritless." Petitioner asserts ineffective assistance of trial counsel for failing to investigate and raise the issue of Petitioner's alibi. The Ninth Circuit has found ineffective assistance of counsel due to an attorney's failure to interview and subpoena alibi witnesses. See, e.g., Luna v. Cambra, 306 F.3d 954 (9th Cir. 2002); Brown v. Myers, 137 F.3d 1154 (9th Cir. 1998).

**C. Conclusion**

Here, Petitioner has established "good cause" for his failure to exhaust, and at least one of his unexhausted claims appears on its face to not be "plainly meritless." Finally, there is no indication in the record before the Court that Petitioner engaged in "intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278. Accordingly, the Court finds that a stay is warranted.

"Pursuant to section 636, magistrate judges may hear and determine nondispositive matters, but not dispositive matters, in § 2254 proceedings." Mitchell v. Valenzuela, 791 F.3d 1166, 1168 (9th Cir. 2015) (citing Hunt v. Pliler, 384 F.3d 1118, 1123 (9th Cir. 2004)). "[A]

motion to stay and abey section 2254 proceedings is generally (but not always) dispositive of the unexhausted claims." Mitchell, 791 F.3d at 1171. "To determine whether a motion is dispositive, we have adopted a functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Id. at 1168–69 (internal quotation marks omitted) (quoting Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "[A] motion to stay is nondispositive where it '[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought.'" Mitchell, 791 F.3d at 1170 (second and third alterations in original) (quoting S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1260 (9th Cir. 2013)). Cf. Bastidas v. Chappell, 791 F.3d 1155, 1164 (9th Cir. 2015) (analogizing a motion to stay to a motion to amend and noting that while "[i]t should be no surprise that the magistrate judge's decision to *grant* a motion to amend is not generally dispositive; whether the *denial* of a motion to amend is dispositive is a different question entirely," and observing that "the dispositive nature of a magistrate judge's decision on a motion to amend can turn on the outcome").

Given that granting a stay in the instant proceeding "[does] not dispose of any claims or defenses and [does] not effectively deny . . . any ultimate relief sought," Mitchell, 791 F.3d at 1170 (internal quotation marks and citation omitted), the undersigned has authority to grant Petitioner's motion to stay.

Based on the foregoing, the Court HEREBY ORDERS that:

1. Petitioner's motion to stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) (ECF No. 2) is GRANTED;
2. The proceedings are STAYED pending exhaustion of state remedies;
3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order and every ninety (90) days thereafter; and
4. Within thirty (30) days following the final order of the state courts, Petitioner shall notify the Court that the unexhausted claims have been exhausted and request that the stay be lifted and the case proceed.

\\\

Petitioner is forewarned that failure to comply with this order will result in the Court vacating the stay.

IT IS SO ORDERED.

Dated: **August 10, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE